UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14001-CV-CANNON/MCCABE

CRYSTAL HOBEIKA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT & RECOMMENDATION ON PLAINTIFF'S UNOPPOSED PETITION FOR EAJA FEES PURSUANT TO 28 U.S.C. § 2412(d) (DE 26)

THIS CAUSE comes before the Court on Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) ("Motion") (DE 26). This matter was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 21). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED IN PART** and **DENIED IN PART.**

**I.**     **PROCEDURAL HISTORY**

On January 3, 2022, Plaintiff filed this action to obtain judicial review of Defendant's final decision denying Plaintiff's claim for disability benefits (DE 1). Plaintiff moved for summary judgment on May 5, 2022 (DE 14). On July 5, 2022, Defendant responded with an unopposed motion to reverse and remand this case pursuant to sentence four of 42 U.S.C. § 405(g) (DE 22). That same day, the undersigned issued a recommendation that the unopposed motion be granted (DE 23). On July 12, 2022, the District Court accepted the recommendation and entered Final Judgment in Plaintiff's favor (DE 24, DE 25).

Thereafter, on October 7, 2022, Plaintiff filed the instant Motion requesting fees under the Equal Access to Justice Act ("EAJA") in the amount of $6,916.94, representing 1.5 attorney hours charged at a rate of $217.54 per hour for time spent during 2021 and 28.5 hours charged at a rate

of $231.25 per hour for time spent during 2022 (DE 26 at 10-11).   Plaintiff also requests $12.00 for 0.2 paralegal hours at a rate of $60.00 per hour, plus costs of $402.00, and expenses of $21.75 (DE 26 at 11).   Defendant does not oppose the Motion (DE 26 ¶ 14).

## II.    DISCUSSION

Under the EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely filed an application for attorney's fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust.   28 U.S.C. § 2412(d).   In this case, Defendant does not dispute, and the Court likewise agrees, that Plaintiff is entitled to an award of attorney's fees under the EAJA.

In EAJA cases, courts determine reasonable attorney's fees "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Am. Civil Liberties Union v. Barnes*, 168 F. 3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)).   The party seeking fees must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence."  *Norman v. Housing Auth. of City of Montgomery*, 836 F. 2d 1292, 1303 (11th Cir. 1988).   In addition, courts may use their own experience in assessing the reasonableness of attorney's fees.  *Id.* at 1299.

Here, Plaintiff provided an affidavit in support of the Motion and an itemized time log breaks down the tasks performed, including dates, time spent, and descriptions of work (DE 26 at 6-12). According to the time log, Plaintiff's attorney spent 30 hours on this case from December 2021 to July 2022 (DE 26 at 10-11).   Plaintiff's attorney requests an hourly rate of $217.54 per hour for time spent during 2021 and $231.25 per hour for time spent during 2022 (DE 26 at 10-11).   This

totals $6,916.94.  The Court finds the attorney hours requested, and the rates requested, to be reasonable and not excessive.  *See Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.").  The Court finds that Plaintiff is entitled to the requested attorney's fee amount of $6,916.94.

As for an award of paralegal fees, according to the time records, the paralegal spent 0.2 hours at a rate of $60.00 per hour for filing the motion for summary judgment (DE 26 at 11).  Clerical work such this cannot be compensated under the EAJA.  *Porco v. Comm'r of Soc. Sec.*, No. 2:21-CV-32-JLB-NPM, 2022 WL 396318, at *2 (M.D. Fla. Jan. 25, 2022), *R & R adopted*, 2:21-CV-32-JLB-NPM, 2022 WL 394394 (M.D. Fla. Feb. 9, 2022) (rejecting an unopposed request by the same firm for a paralegal fee for e-filing); *see Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) (excluding purely clerical work, including filing or e-filing documents, from EAJA attorney fee award).  Accordingly, the Court finds that Plaintiff is not entitled to the requested $12.00 for 0.2 paralegal hours billed in this case.

Plaintiff also requests $402 in taxable costs for the filing fee and $21.75 for service-of-process expenses (DE 26 at 11).  These expenses are unopposed and reasonable.  Therefore, the Court finds that Plaintiff should be awarded the requested amount of $402 in costs and $21.75 for expenses.

Finally, the Court notes that Plaintiff assigned any EAJA fees awarded in this case to Plaintiff's attorneys (DE 26-1).  Normally, EAJA fee awards belong to the party, not the party's attorneys.  *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010).  Given the assignment, however, any EAJA fees should be paid in Plaintiff's name but sent directly to Plaintiff's counsel (provided that

Plaintiff does not otherwise owe any debts to the federal government, in which case, such debts should be offset against the amounts awarded here).

### III.    RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED IN PART** and **DENIED IN PART** and that Plaintiff be awarded a total of $6,916.94 in attorney's fees, plus costs of $402.00 and expenses of $21.75. The EAJA fees shall be made payable to Plaintiff and sent to Plaintiff's counsel's office after the Commissioner determines whether Plaintiff owes any federal debts.

The parties shall have **five (5) days** from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.[1] Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 17th day of October 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

---

[1] The undersigned is shortening the time for the objections because the Motion is straightforward and unopposed.